OPINION OF THE COURT
Herman J. Walz, J.
Plaintiff brings this action to recover moneys due for rental of a storage unit in its self-storage facility. Plaintiff claims *358 that it has a lien on the contents of the storage unit pursuant to Lien Law § 182. Defendant, owner of the property stored in the unit, asserts that it is not liable for the storage expenses, and that plaintiff has no lien on the property. Each party moves for summary judgment against the other.
Plaintiff operates a self-storage facility as defined in Lien Law § 182. In March 1981, plaintiff gave access to storage space in its facility to one Keith Lopez. On April 1, 1981, November 1, 1981 and again on January 1, 1983, plaintiff entered into lease agreements with Lopez for use of the storage space. The last of these leases called for rent to be paid on a monthly basis, and provided no specific termination date. Plaintiff received monthly rental payments on the storage space through January 31, 1985, when the rental payments stopped.
In November 1985, apparently after attempts to contact Keith Lopez had failed, plaintiff entered the storage unit and discovered a new 1981 Mercedes Benz automobile. Plaintiff subsequently learned that the same automobile had been stolen from a car dealership insured by defendant Aetna. Under the terms of the dealership’s insurance policy, Aetna had paid the dealership for its loss and thereby acquired title to the vehicle.
Plaintiff voluntarily turned the Mercedes over to police authorities. Defendant Aetna claimed ownership of the vehicle and, by agreement of both parties, subsequently sold it at auction for a sum in excess of $18,000. Plaintiff asserts that, pursuant to Lien Law § 182, it had a lien on the vehicle and by agreement now has a lien on the proceeds of sale, and that defendant, as owner of the vehicle, is obligated to pay plaintiff the storage charges due.
The primary issue in this case is whether UCC 7-209 applies, as defendant argues, or whether Lien Law § 182 applies, as plaintiff contends. The disagreement is significant, as the two statutes treat stolen property differently. Under UCC 7-209, property which has been stolen cannot be subject to a warehouseman’s lien (UCC 7-209, Comment 3). On the other hand, Lien Law § 182 makes no reference to the nature or status of the property at issue. It does not distinguish stolen property from other property in the creation of a lien. Thus, if UCC 7-209 governs, plaintiff’s claim for back rent due cannot stand, but if Lien Law § 182 governs, plaintiff may enforce a lien on the Mercedes.
*359 Section 182 was enacted by the Laws of 1983, and became effective on August 8, 1983. (L 1983, ch 975, §2.) Defendant argues that section 182 does not govern here because the storage space was rented prior to the effective date of the new law. While the general rule is that statutes should not be applied retrospectively, there are exceptions. One exception lies when the statute is remedial in nature. (McKinney’s Cons Laws of NY, Book 1, Statutes § 54; see also, 56 NY Jur, Statutes, § 269.)
Remedial statutes are those which have been designed to correct imperfections in the law, including statutes which give parties remedies where they had none before or had a different one. Lien Law § 182 is such a statute. In his memorandum in support of the act, Assemblyman Roger Robach observed: "Under common law, self-service storage facilities have a time consuming and expensive remedy for recovering storage space and defaulted monetary amounts * * * This Bill, by creating a statutory lien * * * provides * * * an economic and expeditious remedy for recovering storage space and rental monies due” (1983 NY Legis Ann, at 402). Thus, it is clear that section 182 creates a new remedy where a different one existed at common law, and is by definition a remedial statute. It follows that the statute may be properly applied to the instant case.
Defendant argues that the lease form signed by plaintiff and Lopez does not conform to the requirements set out in Lien Law § 182, and thus plaintiff cannot recover under that section. A comparison of the lease provisions to the statutory requirements, however, reveals that the lease substantially conforms to the statute’s requirements. The only significant nonconformity between the two is the fact that the lease does not contain the statement: "Notice: The monthly occupancy charge and other charges stated in this agreement are the actual charges you must pay.” Defendant’s rights are not impaired by the absence of this language, especially since the substance of the statement is included elsewhere throughout the text of the lease. In the instant case, the nonconformity is due to the fact that at the time the lease was signed, the special requirements of section 182 had not yet been enacted. In any event, the statute does not foreclose a self-service facility operator from exercising a lien on stored property even if this lease form does not conform to statutory requirements. The remedies for failure to include the prescribed lease requirements are set out in subdivisions (4) and (5). They do *360 not include loss of the lien. Plaintiff is therefore not foreclosed from enforcing its statutory lien by the minor deficiencies in the lease form.
Summary judgment is granted to plaintiff.